MICHAEL J. GARCIA, CITY ATTORNEY
EDWARD B. KANG, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 237751
613 E. Broadway, Suite 220
Glendale, CA 91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: ekang@glendaleca.gov

Attorneys for Defendants,
CITY OF GLENDALE, GLENDALE CHIEF OF
POLICE CARL POVILAITIS; and GLENDALE
CITY CLERK SUZIE ABAJIAN

# UNITED STATES DISRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10, <br><br> Defendants. | Case No.: 2:22-cv-07346-SB-JC <br><br> **DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF ALAN GOTTLIEB, SAM PAREDES AND RICHARD MINNICH IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: December 2, 2022 <br> Time: 8:30 a.m. <br> Courtroom: 6C <br><br> Judge: Hon. Stanley Blumenfeld Jr. |

Defendants City of Glendale, Glendale Chief of Police Carl Povilaitis and Glendale City Clerk Suzie Abajian (collectively "Defendants") hereby submit the following objections to the Declarations of Alan Gottlieb ("Gottlieb Decl."), Sam Paredes ("Paredes Decl.") and Richard Minnich ("Minnich Decl.), submitted in support of Plaintiffs California Rifle & Pistol Association, Incorporated, Second Amendment Foundation and Gun Owners of California, Inc.'s (collectively "Plaintiffs") Motion for Preliminary Injunction. The declarations are objectionable for several reasons as detailed below.

## I.   VARIOUS PORTIONS OF THE GOTTLIEB DECLARATION ARE INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

The Gottlieb, Paredes and Minnich Declarations, which are nearly identical, are objections for numerous reasons. Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. (*Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). *See also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. (Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007).) Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. (Fed. R. Evid. 701, 702; *see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys.*, Inc., 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment).) Here, the Gottlieb, Paredes and Minnich Declarations fail to meet one or more of these criteria, as set forth below.

## OBJECTIONS TO DECLARATION OF ALAN GOTTLIEB

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | Gottlieb Decl., ¶ 5: Many SAF members in Southern California have valid and current concealed carry weapon ("CCW") permits, which enables them to lawfully carry a concealed firearm in public, so that they can defend themselves (and potentially others) with lethal force in the event of a life-threatening emergency situation. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602.) |
| 2. | Gottlieb Decl., ¶ 7: This includes, at minimum, 47 parks and recreation facilities, all City playgrounds, eight public libraries, three downtown parking structures and other City-owned or operated parking lots, the Glendale Civic Auditorium and civic center complex, a youth center, an emergency center, undefined "open spaces" and "plazas", and an unknowable amount of properties in the possession of private companies or individuals under contract with the city. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 3. | Gottlieb Decl., ¶ 9: Glendale's Ordinance most burdens SAF members who either live in Glendale or travel to the City on a regular basis. It prevents them from carrying in non-sensitive places where they should be allowed to do so based on the Supreme Court's recent landmark ruling in *New York State Rifle & Pistol Association v. Bruen*. The | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

| | | |
|---|---|---|
| | result is that the utility of their CCWs permit, and thus their right to be armed for self-defense in public, is severely curtailed or outright eliminated when they visit the City of Glendale. | |
| 4. | Gottlieb Decl., ¶ 10: Moreover, many SAF members would likely not even *know* they are breaking the law, because Glendale has no requirement mandating that places where firearm possession is prohibited post signs saying so. SAF members, like all other citizens who legally carry, would have little reason to assume that they are not allowed to carry in, for example, a parking structure, a library, or a park. They thus may find themselves in legal jeopardy if they are ever caught with a firearm they had no idea they were not allowed to possess at a particular city-owned location. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 5. | Gottlieb Decl., ¶ 11: This is an especially precarious situation for SAF members with carry permits who *don't* live in or regularly go to Glendale, but do go there from time to time. Such individuals are even less likely to be aware of Glendale's Ordinance given their limited interaction with the City. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 6. | Gottlieb Decl., ¶ 12: In sum, Glendale's Ordinance violates the Second Amendment by restricting the | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and |

| | Proffered Evidence | Objection |
|---|---|---|
| | right to carry in clearly non-sensitive places, with no exception for people who have a CCW permit. This law negatively affects SAF members who have CCW permits and live in Glendale or visit the City, especially those who have no idea that they are breaking the law because they are not on notice that they are doing so. | conclusion. (Fed. R. Evid. 701.) |

## OBJECTIONS TO DECLARATION OF SAM PAREDES

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | Paredes Decl., ¶ 4: Many GOC members in Southern California have valid and current concealed carry weapon ("CCW") permits, which enables them to lawfully carry a concealed firearm in public, so that they can defend themselves (and potentially others) with lethal force in the event of a life-threatening emergency situation. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602.) |
| 2. | Paredes Decl., ¶ 6: This includes, at minimum, 47 parks and recreation facilities, all City playgrounds, eight public libraries, three downtown parking structures and other City-owned or operated parking lots, the Glendale Civic Auditorium and civic center complex, a youth center, an emergency center, undefined "open spaces" and "plazas", and an unknowable amount of properties in the possession of private companies or individuals under contract with the city. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

- 5 -

DEFS' EVIDENTIARY OBJECTIONS TO THE DECLS OF ALAN GOTTLIEB, SAM PAREDES AND RICHARD MINNICH IN OPP TO PLFS' MOTION FOR PRELIMINARY INJUNCTION

| | | |
|---|---|---|
| 3. | Paredes Decl., ¶ 8: Glendale's Ordinance most burdens GOC members who either live in Glendale or travel to the City on a regular basis. It prevents them from carrying in non-sensitive places where they should be allowed to do so based on the Supreme Court's recent landmark ruling in *New York State Rifle & Pistol Association v. Bruen*. The result is that the utility of their CCWs permit, and thus their right to be armed for self-defense in public, is severely curtailed or outright eliminated when they visit the City of Glendale. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 4. | Paredes Decl., ¶ 9: Moreover, many GOC members would likely not even *know* they are breaking the law, because Glendale has no requirement mandating that places where firearm possession is prohibited post signs saying so. GOC members, like all other citizens who legally carry, would have little reason to assume that they are not allowed to carry in, for example, a parking structure, a library, or a park. They thus may find themselves in legal jeopardy if they are ever caught with a firearm they had no idea they were not allowed to possess at a particular city-owned location. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 5. | Paredes Decl., ¶ 10: This is an especially precarious situation for GOC members with carry permits who *don't* live in or regularly go to | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

| | Proffered Evidence | Objection |
|---|---|---|
| | Glendale, but do go there from time to time. Such individuals are even less likely to be aware of Glendale's Ordinance given their limited interaction with the City. | |
| 6. | Paredes Decl., ¶ 11: In sum, Glendale's Ordinance violates the Second Amendment by restricting the right to carry in clearly non-sensitive places, with no exception for people who have a CCW permit. This law negatively affects GOC members who have CCW permits and live in Glendale or visit the City, especially those who have no idea that they are breaking the law because they are not on notice that they are doing so. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

### OBJECTIONS TO DECLARATION OF RICHARD MINNICH

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | Minnich Decl., ¶ 4: Many CRPA members in Southern California have valid and current concealed carry weapon ("CCW") permits, which enables them to lawfully carry a concealed firearm in public, so that they can defend themselves (and potentially others) with lethal force in the event of a life-threatening emergency situation. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602.) |
| 2. | Minnich Decl., ¶ 6: This includes, at minimum, 47 parks and recreation facilities, all City playgrounds, eight public libraries, three downtown | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

| | | |
|---|---|---|
| | parking structures and other City-owned or operated parking lots, the Glendale Civic Auditorium and civic center complex, a youth center, an emergency center, undefined "open spaces" and "plazas", and an unknowable amount of properties in the possession of private companies or individuals under contract with the city. | |
| 3. | Minnich Decl., ¶ 8: Glendale's Ordinance most burdens CRPA members who either live in Glendale or travel to the City on a regular basis. It prevents them from carrying in non-sensitive places where they should be allowed to do so based on the Supreme Court's recent landmark ruling in *New York State Rifle & Pistol Association v. Bruen*. The result is that the utility of their CCWs permit, and thus their right to be armed for self-defense in public, is severely curtailed or outright eliminated when they visit the City of Glendale. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 4. | Minnich Decl., ¶ 9: Moreover, many CRPA members would likely not even *know* they are breaking the law, because Glendale has no requirement mandating that places where firearm possession is prohibited post signs saying so. CRPA members, like all other citizens who legally carry, would have little reason to assume that they are not allowed to carry in, for example, a parking structure, a | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

- 8 -

DEFS' EVIDENTIARY OBJECTIONS TO THE DECLS OF ALAN GOTTLIEB, SAM PAREDES AND RICHARD MINNICH IN OPP TO PLFS' MOTION FOR PRELIMINARY INJUNCTION

| | | |
|---|---|---|
| | library, or a park. They thus may find themselves in legal jeopardy if they are ever caught with a firearm they had no idea they were not allowed to possess at a particular city-owned location. | |
| 5. | Minnich Decl., ¶ 10: This is an especially precarious situation for CRPA members with carry permits who *don't* live in or regularly go to Glendale, but do go there from time to time. Such individuals are even less likely to be aware of Glendale's Ordinance given their limited interaction with the City. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |
| 6. | Minnich Decl., ¶ 11: In sum, Glendale's Ordinance violates the Second Amendment by restricting the right to carry in clearly non-sensitive places, with no exception for people who have a CCW permit. This law negatively affects SAF members who have CCW permits and live in Glendale or visit the City, especially those who have no idea that they are breaking the law because they are not on notice that they are doing so. | No foundation, speculation and no basis for personal knowledge. (Fed. R. Evid. 602); Improper opinion and conclusion. (Fed. R. Evid. 701.) |

DATED: November 3, 2022　　　MICHAEL J. GARCIA, CITY ATTORNEY

By: _____

EDWARD B. KANG
Attorneys for Defendants