MICHAEL J. GARCIA, CITY ATTORNEY
EDWARD B. KANG, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 237751
613 E. Broadway, Suite 220
Glendale, CA 91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: ekang@glendaleca.gov

Attorneys for Defendants,
CITY OF GLENDALE, GLENDALE CHIEF OF
POLICE CARL POVILAITIS; and GLENDALE
CITY CLERK SUZIE ABAJIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-07346-SB-JC<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF KONSTADINOS T. MOROS AND JOSHUA ROBERT DALE**<br><br>Date: December 2, 2022<br>Time: 8:30 a.m.<br>Courtroom: 6C<br><br>Judge: Hon. Stanley Blumenfeld Jr. |

Defendants City of Glendale, Glendale Chief of Police Carl Povilaitis and Glendale City Clerk Suzie Abajian (collectively "Defendants") hereby submit the following objections to the Declarations of Joshua Robert Dale ("Dale Decl.") and Konstadinos T. Moros ("Moros Decl.") submitted in support of Plaintiffs California Rifle & Pistol Association, Incorporated, Second Amendment Foundation and Gun Owners of California, Inc.'s (collectively "Plaintiffs") Reply to Defendants Opposition to Plaintiffs' Motion for Preliminary Injunction.

## I. PLAINTIFFS' NEW EVIDENCE SUBMITTED WITH THEIR REPLY SHOULD BE STRICKEN AND DISREGARDED

Under the Local Rules, a moving party must include a complete statement of its legal arguments and the evidence upon which its motion is based in its moving papers. (C.D. Cal. Rule 7-5.) The moving party may also "serve and file a reply memorandum, and declarations or other *rebuttal evidence*." (C.D. Cal. Rule 7-10 (emphasis added).) A moving party may not, however, introduce new evidence and argument for the first time on reply. (*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that a "district court need not consider arguments raised for the first time in a reply brief"); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309, 2005 WL 289973, at *2 n. 5(N.D. Cal. 2005) (holding "Defendants' attempt to introduce new evidence in connection with their reply papers is improper."); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (explaining that "[i]t is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.").

Indeed, courts routinely reject attempts by moving parties to introduce new evidence and argument on reply. (See, e.g., *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, *7 (C.D. Cal. Nov. 23, 2009) (refusing to consider new argument and evidence on reply in support of motion for summary judgment); *ITC Textile*, 2012 WL 468065 at *2 (same); *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 1005 n. 150 (C.D. Cal. 2002) (denying plaintiff's request to supplement the record on motion

for preliminary injunction where plaintiff submitted minimal evidence on its motion and attempted to submit the bulk of its legal argument and evidence on reply); *BoomerangIt, Inc. v. ID Armor, Inc.*, 2012 WL 2368466, *4 n. 1 (N.D. Cal. June 21, 2012) (refusing to consider evidence submitted for the first time on reply and denying motion for preliminary injunction); *Rodan & Fields, LLC v. Estee Lauder Companies, Inc.*, 2010 WL 3910178, *4 n. 2 (N.D. Cal. Oct. 5, 2010) (refusing to consider new evidence regarding actual confusion submitted for the first time on reply and denying preliminary injunction).)

Courts have explained the rationale for the rule against submitting new evidence and argument for the first time on reply as follows: The opposing party should not have to incur the cost and effort of additional filings -- a motion for leave to file a sur-reply, and the sur-reply itself-because the movants deliberately, or more likely inadvertently, held back part of their case. (*Wallace*, 2009 WL 4349534 at *7 *(quoting Gutierrez v. 78th Judicial Dist. Court*, No. 1:07-cv-1268, 2009 WL 1507415, at *1, (W.D. Mich. May 29, 2009)); see *also Glow Indus.*, 252 F, Supp. 2d at 1005 n. 150 (explaining that permitting a party to introduce new evidence on reply "would simply prejudice [the non-movant] further and reward [the movant's] questionable litigation strategy.").)

Here, Plaintiffs have improperly attempted to introduce two new pieces of evidence in the form of the Dale and Moros Declarations. Plaintiffs have proffered no explanation as to why they waited until the filing of their reply to submit this new evidence. Indeed, given that Mr. Moros was the primary drafter of Plaintiffs' motion for preliminary injunction, there is no credible explanation as to why both his and Mr. Dale's declarations could not have been submitted with the initial motion.

Plaintiff's gamesmanship should not be condoned. Defendants should not be forced to defend themselves against a constantly moving target. Plaintiffs had their opportunity to lay out the evidentiary basis for their motion for preliminary injunction at the outset. Their failure to do so prejudices Defendants and flies against the established rules for

motion practice. Accordingly, Defendants respectfully request that the Court disregard both the Moros and Dale Declarations in their entirety.

DATED: November 15, 2022         MICHAEL J. GARCIA, CITY ATTORNEY

By: _____
EDWARD B. KANG
Attorneys for Defendants

- 4 -
DEFS' EVIDENTIARY OBJECTIONS TO THE DECLS OF KONSTADINOS T. MOROS AND JOSHUA ROBERT DALE