C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; and GUN OWNERS OF CALIFORNIA, INC., <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10, <br><br>Defendants. | **CASE NO.: 2:22-cv-07346-SB-JC** <br><br>**JOINT FED. R. CIV. P. 26(f) REPORT** |

Under Federal Rule of Civil Procedure 26(f), the Parties submit the following Joint Rule 26(f) Report after the conference of counsel held on December 2, 2022:

**I.     Rule 26(f) Conference and Statement of the Case**

The Parties' counsel met and conferred on December 2, 2022 via videoconference. In attendance for Plaintiffs was Konstadinos T. Moros. In attendance for Defendants was Edward Kang.

In its order granting the parties' recent stipulation, Dkt. No. 27, the Court also ordered the following paragraph be inserted verbatim:

> The parties have filed a stipulation requesting that Defendant's deadline to respond to the initial complaint be extended from November 29, 2022 to January 6, 2023. Dkt. No. 27. Defendants anticipate filing a motion to dismiss that will incorporate many of the same arguments as Defendants' opposition to Plaintiffs' motion for a preliminary injunction, which is currently set for hearing on December 2, 2022. The Court GRANTS the stipulation. Defendants are to respond to the complaint on or before January 6, 2023. The parties are advised that this extension will not extend the case management deadlines that will be set, and they are ordered to include this entire paragraph verbatim in their Joint Rule 26(f) Report in the statement of the case.

Plaintiffs' Statement of the Case:

Plaintiffs' lawsuit is a Second Amendment-based challenge to Glendale Municipal Code section 9.25.040(A). The Ordinance generally bans possession on "city property" of any ammunition or firearm, whether loaded or unloaded. The term "city property" is defined to include effectively all public property within the City of Glendale, as well as some private property, with the only exception being streets/roads and sidewalks. In sum, other than streets/roads and sidewalks, the Ordinance makes it unlawful for the typical, law-abiding person to possess a firearm or ammunition on any public property or publicly controlled property in the City of Glendale, even if they have a validly-issued concealed carry weapons (CCW) permit that otherwise allows them to carry in most public areas in every other jurisdiction in California. Plaintiffs seek a permanent injunction barring the City from enforcing the Ordinance against people with valid CCW permits, except on any City Property that is truly a "sensitive place" as understood under our historical tradition of firearm regulation.

Defendant's Statement of the Case:

Defendants maintain that the Ordinance is lawful in all respects and that Plaintiffs' lawsuit, which seeks to prevent enforcement of the Ordinance **in its entirety**, is without merit.

II. **Joint Rule 26(f) Report and Discovery Plan**

    A. **Changes to the timing, form, or requirement to exchange initial disclosures.**

Plaintiff's Position:	No proposed changes.

Defendant's Position:	No proposed changes.

    B. **Potential formats of discovery sought by all parties.**

Plaintiff's Position: Plaintiffs believe that this case is not a fact-discovery intensive matter and is essentially a constitutional law controversy that turns on legal findings and not factual findings. Parties do not intend to take party depositions or propound extensive fact and document discovery. Expert witness deposition and report discovery is likely the only discovery procedure parties will use.

Defendant's Position: Defendants agree that as the case is currently postured, this case will not be excessively fact intensive. However, Defendants may serve written discovery and take the depositions of any individual plaintiffs that are later added to the lawsuit, if any, as well as engage in expert discovery.

    C. **Estimated Discovery Completion Deadline.**

Plaintiff's Proposal: Discovery should be complete by August 4, 2023. Plaintiff proposes the following deadlines for discovery, trial, and pretrial proceedings:

| | |
|---|---|
| Exchange of Initial Disclosures: | December 16, 2022 |
| Plaintiff's expert disclosure deadline: | February 15, 2023; |
| Defendant's expert disclosure deadline: | March 1, 2023; |
| Rebuttal expert disclosure deadline: | April 3, 2023; |
| Fact discovery deadline: | May 5, 2023 ; |
| Expert discovery deadline: | August 4, 2023; |

| | | |
|---|---|---|
| Dispositive motion deadline: | | TBD by the Court; |
| Pretrial conference: | | TBD by the Court; |
| Trial: | | TBD by the Court. |

Plaintiffs propose August 4, 2023 as the cut-off for all discovery because Plaintiffs believe that a shorter discovery period is justified given that there will be little-to-no fact discovery in this case. Furthermore, after the hearing on Plaintiffs' motion for preliminary injunction in December, parties will have a clear idea of what discovery, if any, is needed and believe that discovery should be immediately pursued so that a resolution of this matter can be reached without unnecessary delay.

Defendant's Proposal: Defendants are in agreement generally with the above dates. However, to the extent that Plaintiffs add individual plaintiffs to this lawsuit, Defendants would reserve the right to conduct discovery as to those newly named plaintiffs.

### D. Whether discovery should be conducted in phases or limited to particular issues.

Plaintiff's position: Discovery does not need to be conducted in phases or limited to particular issues. Plaintiff does not foresee any risks that counsel in favor of needing to do so.

Defendant's Position: Defendants are in agreement with Plaintiffs' foregoing position.

### E. Any issues about the discovery of electronic information including how the electronic information should be produced.

Plaintiff's Position: Given the anticipated discovery, including the anticipated lack of any electronic discovery, Plaintiff's propose that all reports and other documents be produced in searchable (OCR) Portable Document Format (.PDF) files.

Defendant's Position: Defendants are in agreement.

**F.     Issues related to claims of privilege or protection of trial-preparation materials.**

Plaintiff's Position: Default safeguards and procedures under the Federal Rules of Civil Procedure and Local Rules are sufficient to address any privilege issues.

Defendant's Position: Defendants are in agreement.

**G.     Potential changes to the limitations on discovery required under the Federal Rules of Civil Procedure or the Local Rules.**

Plaintiff's Position: Changes to the limitations on discovery under the federal or local rules are not necessary.

Defendant's Position: Defendants are in agreement.

**H.     Other orders the court should issue under the Federal Rules of Civil Procedure.**

Plaintiff's Position: None.

Defendant's Position: None.

**I.     Choice of settlement procedure.**

Plaintiff's Position: Plaintiffs do not believe this case can be settled. This is a constitutional law case - not about damages but about injunctive relief involving Plaintiffs' civil rights.

Defendant's Position: Defendants are open to ADR in an attempt to settle this action, or at the very least, narrow the scope of issues at trial.

**J.     Additional issues under Local Rule 26-1.**

  **i.     Complexity of Case.**

Plaintiff's Position: This is not a complex case.

Defendant's Position: Defendants are in agreement.

        **ii.**        **Motion Schedule.**

<u>Plaintiff's Position</u>: Plaintiff believes the dispositive motion deadline should be set for no earlier than 30 days prior to trial.

<u>Defendant's Position</u>: Defendants are in agreement.

        **iii.**        **ADR.**

<u>Plaintiff's Position</u>: ADR is not needed in this matter because this is a constitutional case that involves legal determinations. However, if required to participate, Plaintiffs would select procedure ADR procedure No. 1.

<u>Defendant's Position</u>: Defendants select ADR procedure No. 1.

        **iv.**        **Trial Estimate.**

<u>Plaintiff's Position</u>: 5 days.

<u>Defendant's Position</u>: 5 days as a conservative estimate.

        **v.**        **Additional Parties.**

<u>Plaintiff's Position</u>: Plaintiffs do not anticipate adding additional parties *unless* this Court determines that individual plaintiffs are needed for standing purposes. As discussed in the preliminary injunction briefing, Plaintiffs believe that as large gun rights membership associations, they have established clear associational standing. They are and have been valid plaintiffs with standing in other Second Amendment challenges to laws and ordinances without standing being an issue.

As discussed in the Complaint at ¶22, this lawsuit was not filed with individual Plaintiffs due to the newly enacted California Code of Civil Procedure section 1021.11. All of the Plaintiffs in this matter are currently challenging that law in lawsuits filed in the Southern District of California, with a bench trial currently set for December 16, 2022. If this Court deems it necessary for standing purposes, Plaintiffs will add individuals as plaintiffs to this matter after section 1021.11 is enjoined, and will request

additional time to do so if section 1021.11 is not enjoined as quickly as they believe it will be.

Defendant's Position: Defendants do not anticipate additional parties in this case.

### vi. Expert Witnesses.

Plaintiff's Position: Plaintiffs do not believe experts are necessary to present historical analogues as required under the current Supreme Court precedent. Nevertheless, in anticipation that the City may insist on using experts, Plaintiffs will designate some experts they may use in their initial disclosures. Plaintiffs will designate additional expert rebuttal witnesses if the need to do so arises based on the City's own experts.

Defendant's Position: Defendants anticipate that they will retain at least one expert regarding historical analogues and the history of gun legislation in the United States.

Respectfully submitted,

Dated:  December 6, 2022          **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

Dated:  December 6, 2022          **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff Second Amendment Foundation

Dated: December 6, 2022

MICHAEL J. GARCIA
CITY ATTORNEY OF THE CITY OF
GLENDALE

*/s/Edward Kang*
Edward Kang
Attorney for Defendants

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, v. City of Glendale, et al.*
Case No.:    2:22-cv-07346-SB-JC

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT FED. R. CIV. P. 26(f) REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael J. Garcia, City Attorney
Edward B. Kang, Principal Assistant City Attorney
ekang@glendaleca.gov
613 E. Broadway, Suite 220
Glendale, CA 91206
    *Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 6, 2022.

Christina Castron