C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; and GUN OWNERS OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10,<br><br>Defendants. | **CASE NO.: 2:22-cv-07346-SB-JC**<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT**<br><br>**Complaint filed**: Oct. 10, 2022<br>**Responsive pleading due**: Jan. 6, 2023<br>**Proposed Trial Date:** October 9, 2023 |

Under Federal Rule of Civil Procedure 26(f), the Parties submit the following Joint Rule 26(f) Report after the conference of counsel held on December 2, 2022 and again on December 7, 2022 following this Court's order to amend several issues with the first Joint Report:

**(1)  Subject Matter Jurisdiction**

The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States (Second and Fourteenth Amendments), thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, and their claim for attorneys' fees is authorized by 42 U.S.C. §1988.

Defendants agree that the Court has jurisdiction over this action.

**(2)  Statement of the Case**

Plaintiffs have filed suit under 42 U.S.C. §§ 1983 & 1988 and allege that Glendale Municipal Code section 9.25.040(A) (the "Ordinance") is unconstitutional because it violates the right to bear arms under the Second Amendment by barring the carry of firearms on all City Property regardless of if the person carrying the firearm has a concealed handgun license ("CCW permit"). The term "city property" is defined to include effectively all public property within the City of Glendale, as well as some private property, with the only exception being streets/roads and sidewalks. In sum, other than streets/roads and sidewalks, the Ordinance makes it unlawful for the typical, law-abiding person to possess a firearm or ammunition on any public property or publicly controlled property in the City of Glendale, even if they have a validly-issued CCW permit that otherwise allows them to carry in most public areas in every other jurisdiction

in California. Plaintiffs seek a permanent injunction barring the City from enforcing the Ordinance against people with valid CCW permits, except on any City Property that is truly a "sensitive place" as understood under our historical tradition of firearm regulation.

Defendants maintain that the Ordinance is lawful in all respects and that Plaintiffs' lawsuit, which seeks to prevent enforcement of the Ordinance **in its entirety**, is without merit.

Plaintiffs filed a motion for preliminary injunction, which came on for hearing on December 2, 2022. The Court ruled that it couldn't grant the motion for preliminary injunction on the record before it and ordered the parties to meet and confer as to which particular portions of the City's property were actually at issue. Plaintiffs' counsel contacted Defendants' counsel on the morning of December 6, 2022 to begin the process of identifying which portions of City Property the City concedes are not sensitive, and Plaintiffs will likewise identify which portions of City Property it concedes are sensitive and is not seeking to enjoin (or others which are not sensitive but which it is not challenging at this time). Once this meet and confer process has concluded, Plaintiffs intend to file a more narrowly focused motion identifying the specific locations for which they bring an as-applied challenge and seek to enjoin enforcement of the ordinance in those locations.

Finally, in its order granting the parties' recent stipulation, Dkt. No. 27, the Court also ordered the following paragraph be inserted verbatim:

> The parties have filed a stipulation requesting that Defendant's deadline to respond to the initial complaint be extended from November 29, 2022 to January 6, 2023. Dkt. No. 27. Defendants anticipate filing a motion to dismiss that will incorporate many of the same arguments as Defendants' opposition to Plaintiffs' motion for a preliminary injunction, which is currently set for hearing on December 2, 2022. The Court GRANTS the stipulation. Defendants are to respond to the complaint on or before January 6, 2023. The parties are advised that this extension will not extend the case management deadlines that will be set, and they are ordered to include this entire paragraph verbatim in their Joint Rule 26(f) Report in the statement of the case.

**(3)   Damages/Insurance**

a. *Damages.* Plaintiffs do not seek any monetary damages, aside from attorney's

Fees and costs they are entitled to under 42 U.S.C. § 1988. As it is still very early in the case, it is difficult to estimate a range those fees and costs could reach. Plaintiffs would of course prove their expenses as part of a fee motion.

    b. *Insurance.* The City is self-insured.

**(4)**      **Parties, Evidence, etc.**

Parties:

The Parties include Plaintiffs California Rifle & Pistol Association, Incorporated, Gun Owners of California, Inc., and The Second Amendment Foundation, while Defendants include the City of Glendale, the Glendale Chief of Police, Carl Povilaitis, in his official capacity, and the Glendale City Clerk, Suzie Abajian, in her official capacity. Affiliated entities of California Rifle & Pistol Association, Incorporated are The CRPA Foundation and California Rifle & Pistol Association Political Action Committee.

Plaintiff's Witnesses:

1. Joshua Robert Dale, counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.;
2. Konstadinos T. Moros, counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.; and
3. Additional witnesses may consist of Plaintiffs' members who have CCW permits and either live in Glendale or visit the City regularly and wish to be able to carry on non-sensitive City Property. Plaintiffs may also seek to add additional individuals as plaintiffs once California Code of Civil Procedure section 1021.11's fee-shifting provision is enjoined (all of the named associational Plaintiffs are currently suing in the Southern District of California to enjoin Section 1021.11, with a bench trial set for December 16, 2022).

Plaintiffs do not expect this case to be intensive in terms of evidence, as the Parties are essentially in agreement as to the facts of the case aside perhaps from those concerning standing. There may need to be some discovery to find evidence that identifies what particular properties are owned by the City, though Plaintiffs hope that

property can be identified informally.

Defendants' Witnesses:

1. Mark Berry, Deputy Director of Community Development;
2. Glendale Police Department employees charged with enforcing the Ordinance;
3. Other as of yet unidentified witnesses, likely City employees, regarding the scope of the Ordinance. Such fact witnesses should not exceed 2 individuals.

**(5)   Discovery**

a. *Status of Discovery* - The Parties have not begin discovery yet, but intend to do so soon per the schedule presented below.

b. *Discovery Plan* -

    **i.   Changes to the timing, form, or requirement to exchange initial disclosures.**

<u>Plaintiff's Position:</u>         No proposed changes.

<u>Defendant's Position:</u>       No proposed changes.

    **ii.   Potential formats of discovery sought by all parties.**

<u>Plaintiff's Position</u>: Plaintiffs believe that this case is not a fact-discovery intensive matter and is essentially a constitutional law controversy that turns on legal findings and not factual findings. Parties do not intend to take party depositions or propound extensive fact and document discovery. Expert witness deposition and report discovery is likely the only discovery procedure parties will use.

<u>Defendant's Position</u>: Defendants agree that as the case is currently postured, this case will not be excessively fact intensive. However, Defendants may serve written discovery and take the depositions of any individual plaintiffs that are later added to the lawsuit, if any, as well as engage in expert discovery.

    **iii.   Estimated Discovery Completion Deadline.**

<u>Plaintiff's Proposal</u>: Discovery should be complete by August 4, 2023. Plaintiff proposes the following deadlines for discovery, trial, and pretrial proceedings:

Exchange of Initial Disclosures:                    December 16, 2022;

| | | |
|---|---|---|
| 1 | Plaintiff's expert disclosure deadline: | February 15, 2023; |
| 2 | Defendant's expert disclosure deadline: | March 1, 2023; |
| 3 | Rebuttal expert disclosure deadline: | April 3, 2023; |
| 4 | Fact discovery deadline: | May 5, 2023 ; |
| 5 | Expert discovery deadline: | August 4, 2023; |
| 6 | Dispositive motion deadline: | TBD by the Court; |
| 7 | Pretrial conference: | TBD by the Court; |
| 8 | Trial: | TBD by the Court. |

Plaintiffs propose August 4, 2023 as the cut-off for all discovery because Plaintiffs believe that a shorter discovery period is justified given that there will be little-to-no fact discovery in this case. Furthermore, after the hearing on Plaintiffs' motion for preliminary injunction in December, parties will have a clear idea of what discovery, if any, is needed and believe that discovery should be immediately pursued so that a resolution of this matter can be reached without unnecessary delay.

Defendant's Proposal: Defendants are in agreement generally with the above dates. However, to the extent that Plaintiffs add individual plaintiffs to this lawsuit, Defendants would reserve the right to conduct discovery as to those newly named plaintiffs.

**iv.    Whether discovery should be conducted in phases or limited to particular issues.**

Plaintiff's position: Discovery does not need to be conducted in phases or limited to particular issues. Plaintiff does not foresee any risks that counsel in favor of needing to do so.

Defendant's Position: Defendants are in agreement with Plaintiffs' foregoing position.

**v.    Any issues about the discovery of electronic information including how the electronic information should be produced.**

Plaintiff's Position: Given the anticipated discovery, including the anticipated lack of any electronic discovery, Plaintiff's propose that all reports and other documents be

produced in searchable (OCR) Portable Document Format (.PDF) files.

<u>Defendant's Position</u>: Defendants are in agreement.

  **vi. Issues related to claims of privilege or protection of trial-preparation materials.**

<u>Plaintiff's Position</u>: Default safeguards and procedures under the Federal Rules of Civil Procedure and Local Rules are sufficient to address any privilege issues.

<u>Defendant's Position</u>: Defendants are in agreement.

  **vii. Potential changes to the limitations on discovery required under the Federal Rules of Civil Procedure or the Local Rules.**

<u>Plaintiff's Position:</u> Changes to the limitations on discovery under the federal or local rules are not necessary.

<u>Defendant's Position</u>: Defendants are in agreement.

  **viii. Other orders the court should issue under the Federal Rules of Civil Procedure.**

<u>Plaintiff's Position:</u> None.

<u>Defendant's Position:</u> None.

**(6) <u>Legal Issues</u>**

  Plaintiffs see this case as a straightforward legal question of constitutional law as informed by the landmark ruling in *Bruen*. The only procedural issue that could arise already did with the first motion for preliminary injunction, in which the Court ruled that this case could not proceed as a facial challenge and must instead be limited to an as-applied challenge. As to evidentiary issues, Plaintiffs' position is that Defendants are limited to presenting historical laws as analogues, and any expert witnesses, if needed, should be limited to clarifying the meaning of the presented historical laws to assist this Court in determining whether the proposed analogues are relevantly similar to the Ordinance's restrictions.

  Defendants similarly anticipate that this case will largely be focused on the Constitutionality of the Ordinance under *Bruen*, as well as Plaintiffs' due process claims

regarding notice of the Ordinance.

**(7)     Motions**

a. *Procedural motions* – If standing is an issue despite the declarations of CRPA members attesting to where they would carry in Glendale but for the Ordinance, then Plaintiffs will likely seek to add individual plaintiffs. At this time, Plaintiffs believe their associational standing is sufficient.

Defendants anticipate filing a motion to dismiss.

b. *Dispositive motions* – Given that this case will likely lack significant factual dispute, Plaintiffs likely will file a motion for summary judgment.

Defendants similarly anticipate filing a motion for summary judgment.

c. *Class certification motion* – Not applicable.

**(8)     Alternative Dispute Resolution (ADR)**

a. *Prior Discussions* – None yet, except the parties have just begun talks related to which locations are and are not truly sensitive.  If the City is willing to consent to a juridically supervised settlement conference, with Plaintiffs' Counsel providing assistance in redrafting Glendale's ordinance, Plaintiffs would be open to this type of hybrid form of Alternative Dispute Resolution. The guidelines to be used in redrafting the municipal ordinance would be the three leading U.S. Supreme Court cases on Second Amendment jurisprudence.  If the City of Glendale is unwilling or engage in a discussion of modeling its ordinance, then Plaintiffs do not believe this case can be settled.

b. *ADR Selection* – The Parties both select ADR-1.

**(9)     Trial**

a. *Proposed Trial Date* – As this matter falls under the "medium level" of complexity given it is a civil rights case regarding novel issues of Second Amendment law that will require significant written briefing, the Parties believe the fall of 2023 would be ideal for trial, with October 9, 2023 being the date the parties tentatively propose subject to this Court's approval. Plaintiffs note that it is very possible this matter

can be decided without a trial if either party prevails on a motion for summary judgment.

    b. *Time Estimate* – Plaintiffs do not anticipate that trial will need to exceed four days unless Defendants plan to present extensive expert testimony that Plaintiffs would then need to rebut with experts of their own.

    Defendants estimate approximately 5 days for trial.

    c. *Jury or Court Trial* – Plaintiffs request a court trial.

    Defendants reserve their right to a jury trial and demand a jury trial at this time. However, to the extent that the issues in this action are pared down through meet and confer efforts, Defendants reserve their right to later waive their jury trial demand.

    d. *Magistrate Judge* – Plaintiffs do not agree to conduct the trial before a magistrate judge.

    Defendants also do not agree to conduct this trial before a magistrate judge.

    e. *Trial Counsel* –

For Plaintiffs:

**Joshua Robert Dale** will be lead trial counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

**Donald Kilmer** will be lead trial counsel for Plaintiff The Second Amendment Foundation.

**Konstadinos T. Moros** will be assistant counsel and second chair for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

**C.D. Michel** will be advisory counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc. and will not participate at trial.

For Defendants: **Edward B. Kang.**

  (10)  <u>Special Requests/Other Issues</u>

For Plaintiffs – None.

For Defendants – Defendants would respectfully request that the Court continue

Defendants' responsive pleading due date (currently January 6, 2023) until after the hearing on Plaintiffs' anticipated renewed motion for preliminary injunction. Defendants currently plan on filing a motion to dismiss regarding legal issues that will likely be considered and determined by the Court on Plaintiffs' motion.

Respectfully submitted,

Dated: December 8, 2022          **MICHEL & ASSOCIATES, P.C.**

/s/ *C.D. Michel*
C.D. Michel
Counsel for Plaintiffs California Rifle & Pistol Association, Incorporated and Gun Owners of California, Inc.

Dated: December 8, 2022          **LAW OFFICES OF DON KILMER**

/s/ *Don Kilmer*
Don Kilmer
Counsel for Plaintiff Second Amendment Foundation

Dated: December 8, 2022          MICHAEL J. GARCIA
CITY ATTORNEY OF THE CITY OF GLENDALE

/s/ *Edward Kang*
Edward Kang
Attorney for Defendants

### ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, v. City of Glendale, et al.*
Case No.:   2:22-cv-07346-SB-JC

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT FED. R. CIV. P. 26(f) REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael J. Garcia, City Attorney
Edward B. Kang, Principal Assistant City Attorney
ekang@glendaleca.gov
613 E. Broadway, Suite 220
Glendale, CA 91206
   *Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 8, 2022.

Christina Castron