1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

9

10  CALIFORNIA RIFLE AND PISTOL ASSOCIATION, INCORPORATED , et al.

Case No.  2:22−cv−07346−SB−JC

11

12          Plaintiff(s),

**PRETRIAL AND TRIAL ORDER**

13                      v.

**[updated 1-10-22]**

14  CITY OF GLENDALE, et al.

15          Defendant(s).

16
17
18

### <u>TABLE OF CONTENTS</u>

19

20   1.  <u>Pretrial Conference</u>

21   2.  <u>Trial: Conduct of Attorneys and Parties</u>

22
23
24
25
26
27
28

1. **PRETRIAL CONFERENCE**.

   a. **The Conference**. A final pretrial conference (PTC) date has been set pursuant to Fed. R. Civ. P. 16 and Local Rule (L.R.) 16-8. Each party must be represented at the PTC by its lead trial counsel. Counsel should be prepared to discuss streamlining the trial, including following matters:

      i. Jury selection procedures;

      ii. Witnesses each party intends to call, including (1) the time anticipated for each witness (direct and cross), (2) any witness scheduling issues or special needs (e.g., interpreter); and (3) whether any deposition will be used in lieu of live testimony;[1]

      iii. Evidentiary issues, including anticipated objections to exhibits, opening statements, and under Rule 403;

      iv. Stipulations, which must be reduced to writing and included as an exhibit;

      v. Pretrial motions, including motions in limine, to bifurcate, and to sever;

      vi. Jury Instructions, including any disputed jury instructions; and

      vii. Time Limits.

   b. **Pretrial Conference Documents**. The PTC Documents shall be filed according to the Schedule immediately below (unless superseded by a subsequent specific order) and in compliance with the Instructions in Section 1(c) below. The parties also must file a PTC Binder as set forth

---

[1]Remote testimony is disfavored because technology limitations almost inevitably interrupt the presentation of the evidence and may affect witness evaluation. When remote testimony is allowed, the Court prefers the parties to conduct a videotaped deposition in lieu of live testimony. The parties are warned that if the Court permits either remote testimony or videotaped deposition testimony, *they bear the risk that technological difficulties may foreclose their ability to present the evidence*.

in Section 1(b)(ii) below.

    i.   <u>Schedule</u>.

At least *four weeks* before the PTC, the parties must file:

- Memorandum of contentions of fact and law
- Joint [2] witness list
- Joint exhibit list
- Joint status report on settlement
- Requests for judicial notice
- Proposed findings of fact and conclusions of law (court trial)[3]
- Direct testimony declarations, if ordered (court trial)

At least *two weeks* before the PTC, the parties must file:

- Proposed PTC order
- Joint proposed jury instructions
- Joint verdict forms
- Joint statement of the case
- Proposed voir dire questions, if any
- Joint motions in limine
- Trial briefs
- Evidentiary objections to declarations (court trial)

    ii.   <u>PTC Binder</u>. *Two weeks* before the PTC, the parties must deliver

to Judge Blumenfeld's mailbox outside the Clerk's Office on the

_____

[2] A joint filing (e.g., joint witness list) does not simply mean combining each party's individual filing into a single document. Parties must meet and confer to resolve disputes wherever possible and to avoid duplication or conflicting information in the joint filing. Any remaining disputes must be clearly noted in the joint filing.

[3] Proposed findings and conclusions and witness declarations are required only in court trials. The parties in a court trial do not need to submit jury documents (i.e., voir direquestions, statement of the case, jury instructions, and verdict forms).

4th Floor of the First Street Courthouse a binder that contains *both* a hard copy of all PTC Documents with a table of contents *and* a flashdrive with the PTC Documents in Word format. The hard copy should be placed in a binder that is three-hole punched on the left side, without staples, and separated by labeled dividers. The flashdrive should be placed securely in an envelope in the pocket of the binder. *Arrange* the documents in the following order: (1) trial briefs; (2) proposed PTC order; (3) memoranda of contentions of fact and law; (4) joint witness list; (5) joint exhibit list; (6) challenged exhibits; (7) joint jury instructions; (8) joint verdict forms; (9) joint statement of the case; (10) any voir dire questions; and (11) joint motions in limine.

    iii.   <u>No Further Filings</u>. The parties shall work diligently to provide complete and final PTC Documents that reflect a serious attempt to prepare for trial. The parties shall *not* file any amended or supplemental PTC Documents or any other trial documents without leave of court.

    iv.   <u>Local Rule 16</u>. Pursuant to L.R. 16-2, lead trial counsel for each party are required to meet and confer in person or by video-conference. The Court expects strict compliance with L.R. 16-2. The PTC documents must comply with L.R. 16, except as modified in Section 1(c) below. The format of the proposed PTC order must conform to the format set forth in Appendix A to the L.R.s. Failure to comply may result in the continuance of the PTC and sanctions.

**c.**   **Instructions on PTC Documents.**

    i.   <u>Memorandum of Contentions of Law and Fact</u>. Each party is limited to 20 pages for their memorandum of contentions of law and fact

and should follow the Court's general requirements for formatting motions set forth in the Court's Civil Standing Order. Jointly represented parties must submit a single memorandum.

ii.   <u>Joint Witness List</u>. The parties must submit a joint witness list that includes a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated), as follows:

| **<u>Plaintiff</u>** | |
|---|---|
| 1. John Smith | **50 min.** (30 min. direct/20 min. cross) |
| He will testify_____. | |

List the plaintiff's witnesses first followed by the defendant's witnesses. The failure to provide a specific description of the anticipated testimony may result in exclusion of evidence or reduced time allocated for the witness. The parties shall meet to prepare this joint witness list no later than *two weeks* before the first pretrial filing deadline, and continuing as necessary, and shall cooperate in reasonably identifying the time needed for direct examination and cross-examination on each subject. The parties must provide *realistic* estimates that demonstrate a serious assessment of trial needs. A party that provides "conservative" estimates may be required to submit declarations or detailed offers of proof for each witness to allow for a more realistic assessment. In addition, the parties are to provide a "clean" version of the joint witness list to be read to the jury panel during voir dire. The clean version should contain only the names of potential witnesses listed in alphabetical order. Include dates of birth for common names.

iii.     Joint Exhibit List. The parties shall submit a joint exhibt list that

conforms to the requirements of L.R. 16-6.

At trial, each exhibit must be introduced for admission as a

whole rather than a portion thereof. For example, if a party seeks

to introduce a portion of a business record, the portion to be

introduced must be presented as its own exhibit (and not as part

of a whole). This applies to all evidence, including photographs

and other reproductions or depictions. If the parties did not

organize their exhibits in that matter, they must meet and confer

to address this issue and raise it at the PTC.

To the extent that the parties disagree about the admissibility

of exhibits that a party intends to introduce, they must meet and

confer to determine if the challenged exhibit(s) will be introduced

and if the objection can be resolved by discussion of the merits of

the objection or a stipulation of fact in lieu of the use of the

exhibit. If the parties are unable to resolve the objections, they

must separately provide *14 days before the PTC* a joint document

entitled "Challenged Exhibits." The Court expects counsel to act

in good faith to narrow this list to a bare minimum. The

challenged exhibits must be presented in table form below in

exhibit number order with the first four columns completed by the

parties (identifying the objections and responding parties as noted

below):

| Ex. No. | Description | Objection | Response | [Ruling] |
|---------|-------------|-----------|----------|----------|
|         |             | II:       | Δ:       |          |

iv    Joint Jury Instructions.

The parties must exchange their respective proposed jury
instructions and special verdict forms *14 days before* the L.R. 16-2
meeting and their respective objections to the other's instructions
and verdict forms 10 days before that meeting. At or before the
Rule 16-2 meeting, counsel shall attempt to agree on all the
proposed jury instructions and verdict forms. The Court expects
counsel to agree on almost all the jury instructions, particularly
when pattern or model instructions provide a statement of
applicable law.

Fourteen days before the PTC, counsel must file a joint set of jury
instructions on which there is agreement––making sure to *fill in
all blanks or bracketed information* in standard forms. For any
disputed instruction, the parties shall submit the following: the
proposed instruction; a one-paragraph statement in support of the
instruction with legal citations; a one-paragraph statement in
opposition to the instruction with legal citations; and any proposed
alternative instructions.

When the Manual of Model Jury Instructions for the Ninth
Circuit provides an applicable jury instructions, submit the most
recent version, modified and supplemented to fit the
circumstances of this case. Where California law applies, use the
current edition of the Judicial Council of California Civil Jury
Instructions (CACI). If neither is applicable, consult the current
edition of O'Malley, et al., Federal Jury Practice and Instructions.
Each requested instruction must: (1) cite the authority or source of
the instructions; (2) be set forth in full; (3) be on a separate page;
(4) be numbered; (5) cover only one subject or principle of law;

and (6) not repeat principles of law contained in any other requested instruction. Counsel may submit alternatives to these instructions *only if* counsel has a reasoned argument that they do not properly state law or are incomplete.

Counsel must provide an index of all instructions submitted, which must include the following: (1) the instruction number; (2) the instruction title; (3) the instruction source (and any relevant case citations); and (4) the instruction page number.

Use a table with the following format:

| No. | Title | Source | Page No. |
|-----|-------|--------|----------|
| 1 | Trademark-Defined | 9th Cir. 8.5.1 | 1 |

As part of the PTC Binder, counsel must provide a hard and electronic copy of: (1) the joint set of instructions and disputed instructions as described above; and (2) a "clean" set of jury instructions, numbered in list format, containing only the text of instructions (without a page break between each instruction). For the clean set, counsel *must* use the Court's template posted at the bottom of its webpage and follow the exact format.

v.    Statement of the Case. At the time of the filing the proposed PTC order, counsel should file a jointly prepared one-page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

vi.    Voir Dire. The Court will conduct the voir dire. The Court asks basic questions to obtain biographical information and determine whether a prospective juror can be fair given the type of case. Counsel may, but are not required to, file a short list of (*no more than one or two pages* of proposed case-specific voir dire questions at the

time they file the proposed PTC order. Eight jurors will be selected, unless the Court indicates otherwise.

vii. <u>Joint Motions in Limine (JMILs)</u>. If the parties file motions in limine (including *Daubert* motions), they must adhere to JMIL procedures below, including a thorough meet and confer. Failure to cooperate and comply with these procedures may result in sanctions. Each party is limited to *five* motions in limine, absent leave of Court. JMILs should identify *specific* evidence to which the opposing party has expressly objected. Motions that generally seek to exclude evidence or argument––e.g., "evidence not produced in discovery," "opinions not disclosed in an expert report or deposition," the "reptile theory" or "golden rule" argument––are improper. A party with a general concern must meet and confer with the opposing party to determine if there is *specific* objectionable evidence or argument that will be introduced. Also, JMILs should not be disguised motions for summary adjudication of issues.

- <u>Meet and Confer</u>. Before filing a JMIL, the moving party shall send a letter identifying the evidence to be excluded, the specific terms of the order sought, and the rationale and supporting authority. Counsel shall meet within five (5) calendar days of the letter. If unable to resolve the issue(s), counsel shall follow the briefing schedule below and file a JMIL consisting of: (1) the moving party's one-sentence statement in bold of the evidence to be excluded and the anticipated prejudice; and (2) each party's contentions set forth below a separate underlined heading for each party (identifying the moving party, the opposing party, and the

moving party in reply). The moving party must include a one-page declaration at the end of each JMIL demonstrating that counsel discussed in good faith the specific evidence or argument at issue.

- <u>Briefing Schedule</u>. (1) The moving party's portion of the JMIL is due 25 days before the PTC; (2) the opposing party's portion of the JMIL is due 18 days before the PTC; and (3) the moving party's reply portion is due 14 days before the PTC. All JMILs must be filed and served at least 14 days before the PTC.

- <u>Page Limits</u>. Five pages for the moving portion; five pages for the opposing portion; and three pages for the reply portion.

- <u>*Daubert* Motions</u>. For complicated *Daubert* motions, the parties may request relief from the page limits and/or briefing schedule ahead of the relevant deadlines. The requirements to meet and confer and submit a joint filing will remain.

- <u>*Rulings*</u>. The Court reserves the right to change its ruling at trial based on the development of the evidence that it did not appreciate or "anticipate at the time of its initial ruling." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). In the event that a party believes in good faith that the evidence at trial warrants reconsideration of a ruling, the party must raise the issue outside the presence of the jury. The Court also reserves the right to defer ruling on one or more of the motions until trial.

- <u>*Advising Witnesses*</u>. Counsel are required to advise affected witnesses to comply with the rulings; and counsel may be

held responsible if they fail to properly advise them.

2. **TRIAL: CONDUCT OF ATTORNEYS AND PARTIES**.

    a. **Promptness of Counsel and Witnesses**.

        i. The Court strictly requires the parties, their counsel, and their witnesses to be on time for all trial proceedings. The Court will not delay the trial or inconvenience jurors.

        ii. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, the Court may deem that party to have rested.

        iii. If a witness was on the stand at a recess, counsel who called the witness must ensure the witness resumes the stand immediately prior to when trial restarts.

        iv. Counsel must notify the courtroom deputy clerk (CRD) in advance if any witness requires the use of an interpreter or should be accommodated based on a disability or for other reasons.

        v. The Court generally will accommodate professional witnesses by permitting them to be called out of order. Counsel calling such witnesses must anticipate any potential need for accommodation and discuss it promptly with opposing counsel. If a party objects to an accommodation, counsel must meet and confer in advance of raising the objection before the Court.

    b. **General Decorum**.

        i. <u>All Rise</u>. Counsel should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless unable to do so or directed otherwise.

        ii. <u>Permission to Approach</u>. Absent court permission, counsel should not approach the CRD, the jury box, or the witness box. When permission is granted, counsel must return to the lectern when the

purpose for approaching has been accomplished.

    iii.   <u>Leaving Counsel Table</u>. Absent court permission, counsel should not leave counsel table to confer with anyone in the back or outside the courtroom while court is in session.

    iv.   <u>Addressing the Court</u>. Counsel must address all remarks to the Court. Counsel must not address the CRD, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers must be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

    v.   <u>Addressing Witnesses</u>. Except for witnesses under 14 years old, counsel must not address or refer to witnesses or parties, or counsel by first names alone.

    vi.   <u>Stipulations</u>. Counsel must not offer a stipulation unless the party offering the stipulation previously obtained agreement to the stipulation, including the specific wording. All stipulations must be reduced to writing and included as an exhibit.

    vii.   <u>Reacting to Witness Testimony</u>. Counsel must not express approval or disapproval of witness testimony, including by verbal uttterances (e.g., "Wow!") or nonverbal means (e.g., by facial expressions or head nods). Counsel must admonish their clients and witnesses not to engage in such conduct.

    viii.   <u>Communicating with Jurors</u>. Counsel must not talk to jurors, except when addressing them during opening statements and closing arguments. Counsel should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overhead by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

ix.  <u>One Lawyer Per Party Per Witness</u>. Where a party has more than one lawyer, only one lawyer may examine, or object to, a particular witness.

**c.  Opening Statements, Examining Witnesses, and Summation**.

i.  Counsel must use the lectern.

ii.  Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Please prepare such materials in advance.

iii.  Counsel must ask questions of witnesses and may not make comments or statements.

**d.  Objections to Questions**.

i.  When objecting, counsel must rise and state only the objection and the legal ground of the objection (e.g., "Objection, hearsay"). If counsel wishes to argue an objection, counsel must ask permission (e.g., "May I be heard?").

ii.  Counsel must not use objections to guide the witness, recapitulate testimony, or communication with the jury.

**e.  Trial Exhibits**.

i.  Each multi-page exhibit must be numbered for easy reference. In addition, a party is generally expected to include in the exhibit only those portions of the document that will be moved into evidence.

ii.  Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side. Counsel must submit to the Court an original and copy of the binders. The spine portion of the binder must indicate the volume number and each volume must contain an index of each exhibit included therein.

iii.  The Court requires that the following be submitted to the CRD on the first day of trial:

• One binder (or set of binders) of original exhibits with the

Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

- ○ All exhibits (except those to be used for impeachment only) should have official exhibit tags attached and bear the same number shown on the exhibit list. Digital exhibit tags are available on the Court's website (Form G−14A plaintiff, Form G−14B defendant) and may be used in place of the tags obtained from the Clerk's office. The defense exhibit numbers must not duplicate plaintiff's numbers.

- ○ If counsel intends to use an enlargement of an existing exhibit, it must be designated with the number of the original exhibit followed by an "A."

- • Two binders (or sets of binders) with a copy of each exhibit tabbed with numbers as described above for use by the Court. (Exhibit tags are not necessary on these copies.)

- • Three copies of the party's witness list in the order in which the witnesses may be called to testify.

- • Three copies of the joint exhibit list in the form specified in L.R. 16-6 (Civil).

iv. A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Counsel must review and approve the exhibit list with the CRD before the list is given to the jury.

v. Where a significant number of exhibits will be admitted, the Court encourages counsel to consider how to intelligibly present testimony about exhibits by use of technology or otherwise (e.g.,

14

enlargements of important exhibits). The Court has equipment available for use during trial. Details are posted on the Court's <u>website</u>. To make reservations for training, call the Courtroom Technology Help Desk at 213-894-3061. Counsel is responsbile for learning the use of the technology before trial. Trial will not be interrupted for this purpose. The Court does not permit exhibits to be passed up and down the jury box. Admitted exhibits (or exhibits to which opposing counsel has expressed "no objection") may be "published" by briefly displaying them on the screens in the courtroom.

vi.   All counsel are to meet no later than ten days before trial and stipulate, so far as possible, to foundation, waiver of the best evidence rule, and those exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

f.   **Depositions**. A party intending to use a deposition for impeachment or in lieu of live testimony must lodge the original deposition with the CRD *on or before the first day of trial*. The untimely filing of the original deposition may result in exclusion. In addition, each party intending to present evidence by way of deposition testimony shall comply with the following instructions:

i.   Identify on the original transcript the testimony the party intends to offer by bracketing the questions and answers in the margins. The opposing party shall likewise counter-designate any testimony it plans to offer.

ii.   Identify any objections to the proffered evidence in the margins of the deposition by briefly providing the ground for the objection and the response to the objection.

iii.  For all depositions offered in the case, the parties shall consistently use different colored ink––black for plaintiff and blue for defendant––for designations, counter-designations, objections, and responses to objections.

iv.  Provide an index for each deposition, placed behind the first page of the deposition, identifying each page that contains a designation or counter-designation.

**g.  Court Reporter**. Any party requesting special court reporter services for any hearing (i.e., real time transmission, daily transcripts) must notify the reporter at least two weeks before the hearing date.

The CRD will serve a copy of this Order personally or by mail on counsel for all parties to this action.


IT IS SO ORDERED.



Dated:  January 9, 2023

_____
Stanley Blumenfeld, Jr.
United States District Court Judge