C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs California Rifle & Pistol Association, Incorporated, Gun Owners of California, Inc., Nelson Gibbs, and John Leyba

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10, <br><br> Defendants. | **CASE NO: 2:22-CV-07346-SB-JC** <br><br> **JOINT REQUEST FOR STATUS CONFERENCE** <br><br> Complaint Served: October 18, 2022 <br><br> Hon. Stanley Blumenfeld Jr. |

1

JOINT REQUEST FOR STATUS CONFERENCE

Per this Court's order at the January 6, 2023 mandatory scheduling conference and the accompanying minute order (Dkt. No. 40), the Parties jointly request a status conference to discuss (1) the parties' efforts to reach agreement, (2) the remaining areas of dispute, and (3) the parties' proposed procedure for adjudicating those disputes, including their positions on the Court's possible appointment of an expert to assist in identifying relevant historical laws and regulations. The Court stated that it expects to set a status conference and/or provide further instructions upon review of the parties' filing. The Parties' respective positions on each topic are presented here.

**1.    Efforts to Reach an Agreement**

<u>Plaintiffs' Position</u>

Counsel for the Plaintiffs (Mr. Moros) has been in regular communication with counsel for the City of Glendale (Mr. Kang) both before and after the January 6, 2023 scheduling conference. On December 9, 2022, Mr. Moros sent Mr. Kang a list of the various categories of City Property and conceded some places that Plaintiffs would not challenge either because they were plainly "sensitive places", or because there was likely no standing. These include City Hall, schools, courthouses, police stations, and more.

After the January 6 hearing, because Plaintiffs were aware the City Council was in recess until January 10, Plaintiffs allowed the City some time to decide whether it concedes any sensitive places. Mr. Moros checked in on January 19, having heard nothing from the City by that point. Mr. Kang replied that he'd have a response soon. On January 24, he confirmed that the City would concede that city-owned parking lots and structures are not sensitive places, and also would concede that "open spaces" are not sensitive, though with the qualifier that private property owners could still choose to ban firearms on their property.[1] (Plaintiffs do not

---

[1] The City also acknowledged that City Buses are not contested because of the fact that they do not fall within the Ordinance's scope anyway. After reviewing the Ordinance again, Plaintiffs agree that public transportation is not within its

JOINT REQUEST FOR STATUS CONFERENCE

dispute that private property owners may of course post signs barring carry on their premises if they would like to.)

The City would *not* concede parks, playgrounds, libraries, the civic center, and youth centers, and noted as to a few other places that Plaintiffs may lack standing.

Counsel for the Parties discussed their positions further in a phone call on January 26, in which Plaintiffs confirmed they would not be challenging the prohibition on carrying in youth centers due to the lack of standing, except insofar as the City classifies any parks as "youth centers". Further, Plaintiffs do not object to barring carry at the civic center when there is a security checkpoint at the door with a metal detector. Finally, while Plaintiffs challenge the prohibition on carrying in libraries generally, they do not challenge the Pacific Park Library specifically, both because the City's counsel represented that it functions as a school's library for a next-door elementary school, and because its proximity to that school likely means it falls under the federal Gun Free School Zones Act anyway.

Defendant's Position

Although Plaintiffs description of the meet and confer efforts between the parties is largely accurate, Defendants would like to add that with respect to the parties' discussion regarding libraries, Defendants brought up additional factors for Plaintiffs' consideration that Plaintiffs agreed to consider. Specifically, Glendale libraries work closely with the Glendale Unified School District ("GUSD") and provide numerous school programs and after school programs to GUSD students. Indeed, classroom visits to various libraries within the City happen regularly as part of this close relationship. Glendale libraries also provide numerous pre-school activities during the day. Glendale libraries are also promoted as after-school safe spaces meaning a large number of students are present at Glendale libraries after school has ended. Given that Plaintiffs have conceded that schools are "sensitive

definition of "City Property", which is limited to real property.

JOINT REQUEST FOR STATUS CONFERENCE

locations", this close relationship should be considered despite a library not technically being a school.

Defendants have yet to hear back from Plaintiffs regarding their position on this. Defendants thus request that this issue be further discussed at the status conference.

**2.      The Remaining Areas of Dispute**

Plaintiffs' Position

As noted above, the remaining areas of dispute are parks, playgrounds, libraries, and the civic center (except for when events there provide security at the door).

Defendant's Position

Defendants agree that the only remaining areas in dispute are parks, playgrounds, the Civic Center (with Plaintiffs' caveat) and libraries.

**3.      Procedure for Adjudicating the Remaining Disputes**

Plaintiffs' Position

Given that just a small handful of disputed areas for which there is standing remain, Plaintiffs believe this matter can be decided upon their renewed motion for preliminary injunction under the standard page limitations. If the Court confirms it would like to proceed that way, Plaintiffs will be ready to file their renewed motion for preliminary injunction almost immediately. A short briefing schedule would be ideal. Further, if there is no dispute as to the facts, and Plaintiffs do not believe there is, this Court should consider treating the renewed motion for preliminary injunction as a motion for summary judgment in the alternative.

Plaintiffs oppose the appointment of an expert to identify relevant historical laws and regulations. *Bruen* emphatically clarified that the government shoulders the burden of justifying a restriction on Second Amendment rights by proving that a longstanding American regulatory tradition supports that restriction. Indeed, the Court said so repeatedly:

- "[T]he *government must demonstrate* that the regulation is consistent with this Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S.___, 142 S. Ct. 2111, 2126 (2022) ("*Bruen*").

- "[T]he *government must affirmatively prove* that its firearms regulation is part of the historical tradition." *Id.* at 2127.

- "The *government must then justify its regulation* by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

- "[A]nalogical reasoning requires … that th*e government identify* a well-established and representative historical analogue." *Id.* at 2133.

- "[A]gain, *the burden rests with the government* to establish the relevant tradition of regulation." *Id.* at 2149, n.25.

- "Of course, we are not obliged to sift the historical materials for evidence to sustain New York's statute. *That is respondent's burden*." *Id.* at 2150.

- "[W]e conclude that *respondents have not met their burden* to identify an American tradition justifying the State's proper-cause requirement." *Id.* at 2156.

The *Bruen* case itself had no discovery in the district court proceedings when it was decided. *Id.* at 2164. (Breyer, J., dissenting). The Court analyzed the variety of historic state laws New York had presented, which is all the analysis requires. The record compiled by the parties is sufficient because " '[i]n our adversarial system of adjudication, we follow the principle of party presentation.' [citation omitted] Courts are thus entitled to decide a case based on the historical record compiled by the parties." *Bruen*, 142 S. Ct. at 2130 n.6 (quoting *United States* v. *Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020)).

Furthermore, the City also has the benefit of reviewing similar cases in New York and New Jersey that have had extensive briefing (and detailed preliminary rulings) on "sensitive places" questions, including the few remaining sensitive places still at issue here. *See, e.g.*, *Antonyuk v. Hochul*, No. 1:22-CV-0986

(GTS/CFH), 2022 U.S. Dist. LEXIS 201944 (N.D.N.Y. Nov. 7, 2022)[2]; and *Koons v. Reynolds*, No. 22-7464 (RMB/EAP), 2023 U.S. Dist. LEXIS 3293 (D.N.J. Jan. 9, 2023). In one of those cases, the court explained that "The State Defendants are fully capable of meeting their burden of producing analogues (especially when prodded to do so), and judges appear uniquely qualified at interpreting the meaning of statutes." *Antonyuk,* 2022 U.S. Dist. LEXIS 201944, at *121 n.72.

If the City fails to present adequate laws justifying restrictions on carry in places it claims are sensitive, then that isn't due to the lack of a court-appointed expert. Instead, like New York and New Jersey before it, it is impliedly conceding that analogous sensitive places simply did not exist in our historical tradition.

Nevertheless, if this Court decides to appoint an expert, Plaintiffs believe that the expert's role should be limited to finding only *state* laws prohibiting carry in particular places, as what *Bruen* commands is that there must be "an enduring American tradition of **state** regulation." *Bruen*, 142 S. Ct. at 2155 (emphasis added). *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.

Further, if an expert is appointed, the City should have to solely bear the cost of that expert. Given *Bruen* is clear that this is the City's burden to attempt to meet, Plaintiffs should not have to financially assist the City in doing so.

---

[2] While the Supreme Court denied emergency relief to lift the Second Circuit's stay on Judge Suddaby's ruling in *Antonyuk*, Justices Alito and Thomas referred to that ruling as "thorough" and encouraged the plaintiffs in that matter to file again for emergency relief if the Second Circuit didn't move reasonably quickly in hearing the appeal. *Antonyuk v. Nigrelli*, 214 L.Ed.2d 381, 381 (U.S. 2023) (Alito, J, and Thomas, J., concurring) ("The District Court found, in a thorough opinion, that the applicants were likely to succeed on a number of their claims, and it issued a preliminary injunction as to twelve provisions of the challenged law…I understand the Court's denial today to reflect respect for the Second Circuit's procedures in managing its own docket, rather than expressing any view on the merits of the case. Applicants should not be deterred by today's order from again seeking relief if the Second Circuit does not, within a reasonable time, provide an explanation for its stay order or expedite consideration of the appeal.")

JOINT REQUEST FOR STATUS CONFERENCE

Defendant's Position

Defendants would request a normal, not expedited, briefing schedule and opposes treatment of a renewed motion for preliminary injunction as a motion for summary judgment/adjudication in the alternative.

Defendants further believe that a court appointed expert, with the cost of the expert to be equally divided by both parties, would be extremely beneficial to both the parties and the Court in determining the applicability of *Bruen* to the remaining locations in dispute. Due to the Constitutional importance of this issue, getting the issues right and not expediency should be the ultimate goal. A Court appointed expert would certainly help achieve that and would further prevent a historical analogue being missed due to the City lacking the resources or expertise in locating such analogues, which is a goal that both parties should share.

DATED:   February 9, 2023          MICHEL & ASSOCIATES, P.C.


By: */s/C.D. Michel*
C.D. Michel
Joshua Robert Dale
Konstadinos T. Moros
Attorneys for Plaintiffs California Rifle & Pistol Association, Incorporated, Gun Owners of California, Inc., Nelson Gibbs, and John Leyba


DATED:   February 9, 2023          MICHAEL J. GARCIA, CITY ATTORNEY

By:  */s/ Edward B. Kang*

EDWARD B. KANG
Attorneys for Defendants


**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JOINT REQUEST FOR STATUS CONFERENCE

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, v. City of Glendale, et al.*
Case No.:    2:22-cv-07346-SB-JC

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT REQUEST FOR STATUS CONFERENCE**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael J. Garcia, City Attorney
Edward B. Kang, Principal Assistant City Attorney
ekang@glendaleca.gov
613 E. Broadway, Suite 220
Glendale, CA 91206
    *Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 9, 2023.

Christina Castron