C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs California Rifle & Pistol Association, Incorporated, Gun Owners of California, Inc., Nelson Gibbs, and John Leyba

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF GLENDALE; GLENDALE CHIEF OF POLICE CARL POVILAITIS, in his official capacity; GLENDALE CITY CLERK SUZIE ABAJIAN, in her official capacity; and DOES 1-10, <br><br> Defendants. | **CASE NO: 2:22-CV-07346-SB-JC** <br><br> **JOINT STATUS REPORT** <br><br> Complaint Served: October 18, 2022 <br><br> Hon. Stanley Blumenfeld Jr. |

Per this Court's order at the March 3, 2023 status conference and the accompanying minute order (Dkt. No. 48), the Parties were to meet and confer no later than March 9, 2023 and to file this joint report setting forth: (1) an overview of the discovery the parties intend to take, (2) a proposed discovery schedule, (3) a proposed briefing and hearing schedule for Plaintiff's renewed motion for preliminary injunction, with the reply deadline at least three weeks in advance of the hearing, and (4) the parties' positions on the propriety of consolidating the preliminary injunction hearing with trial on the merits under Rule 65(a)(2). Each topic is discussed here in turn.

1. **Planned Discovery**

The Parties agree that the need for discovery is likely limited to questions regarding standing and the specific nature of specific locations despite their general labels. Any written discovery by the Plaintiffs will be limited, probing just the particular details of each of the four categories of places at issue (parks, playgrounds, libraries, and the civic center) with respect to why the City considers them "sensitive". For its part, the City may propound some written discovery and currently intends to conduct depositions of the Plaintiffs.

Given that the Court indicated at the last status conference that it will not appoint its own expert, the City is currently in the process of determining whether such an expert is necessary and is currently in the process of locating such an expert. If an expert is retained, Plaintiffs do not intend to depose that expert if his role is limited to simply compiling historical laws. If instead the expert intends to submit an expert report, then Plaintiffs may need to depose him and submit a rebuttal report from their own expert.

2. **Proposed Schedule**

The parties anticipate all written discovery and depositions will be complete by **May 19, 2023**. The parties do not anticipate any motions to compel, as they have worked together amicably thus far. However, in the unlikely scenario that the need

for such a motion arises without the parties being able to resolve their differences, the parties will jointly request a status conference with this Court to adjust the planned briefing schedule to allow for a motion to compel. Such a request would need to be made by May 22, 2023.

**3.  Proposed Briefing and Hearing Schedule**

As an initial matter, the Parties inform this Court that they plan to submit a joint chart listing out each historical law that the City contends is an appropriate analogue. That chart will also include Plaintiffs' position on each of those proposed analogues. The Parties believe this will make the Court's job easier than dealing with two dueling listings of laws that are largely duplicative of each other.

As to a briefing schedule, the standard page limitations as per the local rules are sufficient, and the Parties propose the following schedule:

a. Plaintiffs' renewed motion for preliminary injunction filed by May 26, 2023;

b. Opposition brief filed by June 9, 2023

c. Reply brief filed by June 16, 2023, along with the Parties' final historical laws chart;

d. Hearing on July 7, 2023 at 8:30 a.m., or as soon thereafter as is suitable for the Court's availability.

**4.  Propriety of Consolidating the Preliminary Injunction Hearing with Trial on the Merits Under Rule 65(a)(2)**

The Parties are in agreement on how Glendale's Ordinance functions, and are in agreement about which four categories of places are at issue. The Parties are further in agreement that other than the four categories in dispute, the remaining locations covered by the Ordinance are not at issue in this litigation.[1] The City

---

[1] The City has previously conceded that parking lots/structures and "open spaces" are not sensitive under *Bruen*. If the City amends its Ordinance accordingly by the time of the renewed motion briefing, then Plaintiffs will not pursue those any further. If the Ordinance has not been amended, then Plaintiffs will request that this Court enjoin those two categories of places as well, and the City will not oppose the

acknowledges it bars firearms in those places in dispute even for those with a CCW permit because it considers them to be "sensitive places" under *Bruen*. Plaintiffs (who have CCW permits or represent their members that do) desire to be able to exercise their right to carry in those places and deny that they are truly sensitive under *Bruen*. Besides any possible arguments the City may make as to standing and the specific nature of the locations at issue, despite their general labels, that is all that is in dispute in this matter.

Plaintiffs contend that this matter is thus ideal for consolidating trial on the merits with the renewed motion for preliminary injunction, as there is no need to drag this out to argue the same issues at trial several months later. That said, this Court need not decide that now. Plaintiffs can proceed with submitting their renewed motion, and if the Court feels consolidation is appropriate after reviewing the briefing and argument of the Parties, it can order consolidation at that time.

Although Defendants disagree with Plaintiffs' position that their motion for preliminary injunction should be consolidated with a trial on the merits, Defendants do agree that the Court does not need to decide this issue now. After review of the Parties' submissions in connection with Plaintiffs' renewed motion for preliminary injunction, the Court can make such a decision then.

DATED:   March 9, 2023          MICHEL & ASSOCIATES, P.C.

By: */s/ Konstadinos T. Moros*
　　C.D. Michel
　　Joshua Robert Dale
　　Konstadinos T. Moros
　　Attorneys for Plaintiffs California Rifle
　　& Pistol Association, Incorporated,
　　Gun Owners of California, Inc., Nelson
　　Gibbs, and John Leyba

---

motion as to those categories of places.

4
JOINT STATUS REPORT

| | |
|---|---|
| DATED:  March 9, 2023 | MICHAEL J. GARCIA, CITY ATTORNEY |
| | By:  /s/ *Edward Kang* |
| | EDWARD B. KANG<br>Attorneys for Defendants |

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# CERTIFICATE OF SERVICE

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, v. City of Glendale, et al.*
Case No.: 2:22-cv-07346-SB-JC

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**JOINT STATUS REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael J. Garcia, City Attorney
Edward B. Kang, Principal Assistant City Attorney
ekang@glendaleca.gov
613 E. Broadway, Suite 220
Glendale, CA 91206
   *Attorney for Defendants*

    I declare under penalty of perjury that the foregoing is true and correct.

Executed March 9, 2023.

                                                   Christina Castron